IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AFP ADVANCED FOOD | : | |
| PRODUCTS LLC, | : | CIVIL ACTION |
|   Plaintiff | : | |
| | : | |
| v. | : | NO. 05-3006 |
| | : | |
| SNYDER'S of HANOVER | : | |
| MANUFACTURING, INC | : | |
|   Defendant | : | |

<u>MEMORANDUM</u>

**STENGEL, J.**                      May 31, 2006

Plaintiff, AFP Advanced Food Products, Inc. ("AFP"), brings this motion to dismiss its own case with prejudice. The defendant, Snyder's of Hanover Manufacturing, Inc. ("Snyder's"), filed a response objecting to the motion in an effort to keep alive its counterclaims. For the reasons stated below, I will grant the plaintiff's motion and dismiss this case.

**I. BACKGROUND**

On June 23, 2005, AFP filed this patent infringement suit seeking a temporary injunction against Snyder's. AFP averred that Snyder's willfully infringed upon their valid patent (#6,873,675 filed on May 17, 2005 and named "Acidified Imitation Cheese Sauce and Pudding Compositions and Method for Producing Such Compositions") through its production and sale of "Eatsmart Salsa Con Queso." Snyder's counterclaimed requesting a declaratory judgment that the AFP patent ("675") is invalid and unenforceable.

On March 2, 2006, this case was stayed to allow for testing of an alleged prior art product.  During a March 31, 2006, conference call AFP reported the alleged prior art test results, as well as more recent independent lab test results on Synder's product, and advised that it wanted to move to dismiss this matter.  AFP had already dismissed a related cause of action against Snyder's co-packer, Durrset Amigos, and provided a covenant not to sue to Snyder's.

## II.  PLAINTIFF'S MOTION TO DISMISS STANDARD

AFP moves this court to dismiss their complaint pursuant to Federal Rule of Civil Procedure 41(a)(2).  That rule provides:

> (2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.  If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a)(2); see also Glaxo Group Ltd. v. Dr. Reddy's Labs., Ltd., 325 F. Supp. 2d 502, 506-07 (D.N.J. 2004) (dismissing defendant's counterclaims without prejudice for lack of jurisdiction after parties jointly filed a motion pursuant to Fed. R. Civ. P. 41(a)(2)).

In this case, AFP argues that after its patent infringement claim is dismissed with prejudice, the court will no longer have jurisdiction over Snyder's counterclaim.[1] Further, AFP has provided a covenant not to sue Snyder's for infringement of the 675 patent.

## III. DISCUSSION

The Federal Circuit has addressed the situation in which a plaintiff has filed a lawsuit for patent infringement and then attempted to dismiss the lawsuit and the counterclaims against it. See Super Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054 (Fed. Cir. 1995) (affirming district court's dismissal of defendant's counterclaims for lack of jurisdiction after plaintiff withdrew his suit). When addressing the jurisdictional component for this type of case, a court begins by looking at the type of relief being sought. In both Super Sack and this case the defendants moved the court for a declaration that the plaintiffs' patents are invalid.

In order for the court to have jurisdiction over a declaratory judgment counterclaim, an actual controversy between the parties must exist. 28 U.S.C. § 2201(a); see Super Sack, 57 F.3d at 1058; North Carolina v. Rice, 404 U.S. 244, 246 (1971). Further, the "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Preiser v. Newkirk, 422 U.S. 395, 401 (1975). The burden of establishing the actual controversy requirement rests solely upon the party seeking the

---

[1] It is uncontested that AFP's patent infringement action should be dismissed with prejudice.

In this case, AFP argues that after its patent infringement claim is dismissed with prejudice, the court will no longer have jurisdiction over Snyder's counterclaim.[1] Further, AFP has provided a covenant not to sue Snyder's for infringement of the 675 patent.

## III. DISCUSSION

The Federal Circuit has addressed the situation in which a plaintiff has filed a lawsuit for patent infringement and then attempted to dismiss the lawsuit and the counterclaims against it. See Super Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054 (Fed. Cir. 1995) (affirming district court's dismissal of defendant's counterclaims for lack of jurisdiction after plaintiff withdrew his suit). When addressing the jurisdictional component for this type of case, a court begins by looking at the type of relief being sought. In both Super Sack and this case the defendants moved the court for a declaration that the plaintiffs' patents are invalid.

In order for the court to have jurisdiction over a declaratory judgment counterclaim, an actual controversy between the parties must exist. 28 U.S.C. § 2201(a); see Super Sack, 57 F.3d at 1058; North Carolina v. Rice, 404 U.S. 244, 246 (1971). Further, the "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Preiser v. Newkirk, 422 U.S. 395, 401 (1975). The burden of establishing the actual controversy requirement rests solely upon the party seeking the

---

[1] It is uncontested that AFP's patent infringement action should be dismissed with prejudice.

declaratory relief. Super Sack, 57 F.3d at 1058 (citing International Med. Prosthetics Research Assocs. v. Gore Enter. Holdings, Inc., 787 F.2d 572, 575 (Fed. Cir. 1986)).

> In the domain of suits for declarations of patent rights and relationships, a two-part test for determining justiciability has evolved. As we stated in BP Chemicals:
>
> > There must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.
>
> 4 F.3d at 978, 28 U.S.P.Q.2D (BNA) at 1126. Again, the "purpose of the two-part test is to determine whether the need for judicial attention is real and immediate," in which case the federal courts have jurisdiction, or whether it is "prospective and uncertain of occurrence," in which case they do not. Id.

Super Sack, 57 F.3d at 1058 (quoting BP Chems. Ltd. v. Union Carbide Corp., 4 F.3d 975, 978 (Fed. Cir. 1993)).

In this case, Snyder's poses three separate arguments regarding why its counter claims remain "an actual controversy." I will address each argument individually.

### A.  Snyder's Argues AFP's Covenant Not to Sue is Insufficient

According to Snyder's, AFP's offered covenant not to sue is not sufficient to eliminate Snyder's "reasonable apprehension that it will face another infringement suit by AFP." In particular, Snyder's contends the covenant is insufficient because: (1) it only addresses Snyder's products manufactured before July, 2006; (2) it only addresses

4

products containing more than 0.85% protein; and (3) it offers no protection to third parties.  AFP conversely argues that none of Snyder's contentions are necessary or required under Federal Circuit law.

As described above, and in Super Sack, the burden of establishing that an actual controversy exists rests solely upon Snyder's shoulders.  However, given AFP's original claim for patent infringement will be dismissed with prejudice, Snyder's cannot have a reasonable apprehension of suit based upon the conduct stated in AFP's complaint.  Moreover, AFP has gone on to promise that it "will not assert that [Snyder's has] any liability, past or future, based on a cheese sauce or con queso product having greater than zero point eight five percent (0.85%) protein."  Through this agreement, AFP has not only limited its ability to enforce its presumably valid patent by decreasing its protected protein range from less than 1.0% protein to less than 0.85% protein, but AFP has also extended that covenant indefinitely.  The combination of the present case being dismissed with the covenant not to sue should reasonably protect Snyder's from further claims from AFP on this patent.

**B.     Snyder's Argues AFP's Admissions are Sufficient to Maintain Claim**

Snyder's argues that statements made in AFP's complaint that it was violating the 675 patent are enough to make them reasonably apprehensive of suit.  As discussed above, however, because the parties have agreed to dismiss this case with prejudice, any apprehension of a suit based upon language in the original complaint is unreasonable.

### C.  Snyder's Argues They Will be Unduly Prejudiced by the Dismissal

Snyder's does not manufacture the Eatsmart Product, rather it is dependent upon others to supply the product.  During the course of this litigation AFP brought an action against Snyder's supplier, Durrset Amigos, seeking an injunction to stop them from suppling Snyder's with the product.[2]  Snyder's therefore argues that by not including third parties in AFP's covenant not to sue, Snyder's will be unduly prejudiced if and when AFP again sues one of its suppliers.  Read as a whole, however, the clear import of the covenant is that AFP will not sue anyone based on product "made for" Snyder's.  Thus, in view of AFP's covenant, which extends to products "made for" Snyder's, Snyder's cannot have a reasonable apprehension of suit or be unfairly prejudiced by AFP's treatment of the suppliers.

### IV.  CONCLUSION

AFP has agreed to dismiss its original suit with prejudice.  AFP's covenant not to sue provides Snyder's with additional protection and extends to anyone producing product for Snyder's.  It appears that there is no actual controversy in this case.  This court lacks jurisdiction over Snyder's counterclaims and this case will be dismissed.  An appropriate order follows.

---

[2]AFP's complaint in that case was voluntarily dismissed before Amigos filed an answer.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AFP ADVANCED FOOD | : | |
| PRODUCTS LLC, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | NO. 05-3006 |
| | : | |
| SNYDER'S of HANOVER | : | |
| MANUFACTURING, INC | : | |
|     Defendant | : | |

## OPINION

**AND NOW**, this 31st day of May, 2006, upon consideration of plaintiff's Motion to Dismiss (Docket # 33), it is hereby **ORDERED** that the Motion is **GRANTED**.  This case shall be dismissed with prejudice.  Defendant's Motion for Leave to File an Amended Answer (Docket # 25) is **DISMISSED** as moot.  The Clerk of Court shall mark this case as closed for all purposes.

BY THE COURT:


 s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.